IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE N. LAWS, JR., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-1614 |
| | : | |
| MAYOR JAMES KENNEY, et al., | : | |
| Defendants. | : | |

**Jones, II     J.**                                                                                    **February 1, 2017**

### MEMORANDUM

Lawrence Laws, Jr., filed a *pro se* form Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Curran-Fromhold Correctional Facility (CFCF). Compl., ECF No. 5. Defendants are City of Philadelphia Mayor James Kenney, Deputy Prison Commissioner Michael Resnick, and Warden Gerald May. The City of Philadelphia Law Department, on behalf of Defendants, filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defs.' Mot., ECF No. 7. The plaintiff has not responded to the motion. For the reasons set forth below, the motion is granted, and the plaintiff is given leave to amend his Complaint.

### STANDARD OF REVIEW

Before granting an unopposed 12(b)(6) motion, a district court should satisfy itself that the complaint does not, in fact, state a claim. *Ray v. Reed,* 240 F.App'x 455, 456 (3d Cir. 2007) (citing to *Stackhouse v. Mazurkiewicz,* 95 l F.2d 29, 30 (3d Cir. 1991)).

In deciding a 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

1

*County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted).  When, as here, the plaintiff is a *pro se* litigant, courts "have a special obligation to construe his complaint liberally."  *Zilich v. Lucht*, 981 F.2d 694 (3d Cir. 1992) (citing to *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible."  *Fowler*, 578 F.3d at 210 (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## **FACTUAL ALLEGATIONS**

Liberally construed, the Complaint alleges the plaintiff is being housed in a cell with two other inmates (also known as "triple celling").  *See* Compl. 5 (asking "not to be put in a 3 man cell anymore").  General allegations of triple and quadruple celling are also included in a separate document attached to the form Complaint.  *See id*. at 9-17.  That document is written in the first person and signed by a fellow inmate, Charles C. Palmer-Young.  *Id*. at 16.  There is no indication that the declarations in that document were made under oath or under penalties of perjury, or that any of the allegations contained therein pertain directly to the plaintiff.  The plaintiff also attached what seem to be scanned photographs or sketches of an empty prison cell.  *See id*. at 18-20.  He does not explain the significance of these additional documents, but does

state "see attached forms" and "see attached documents" on the form Complaint next to the headings, "What happened to you?" and "Who else saw what happened?" *See id.* at 3.

In addition to allegations of triple celling, the document attached to the form Complaint includes a series of generalized grievances regarding inadequate conditions of confinement at CFCF. *See id.* at 9-17. However, the only allegations pertaining specifically to the plaintiff appear on the form Complaint, which states he was "locked down for hours, days at a time," and that he "slept [in] intake cells for two days on the floor by the toilets and feces." *Id.* at 3. He does not describe the context surrounding those incidents. Besides his request to be removed from a "3 man cell," the plaintiff seeks monetary damages, "bigger trays for the facility," "better and more guards that treat inmates as humans and not animals," "more jail activities" and "programs to help inmates with [readmission into] society." *Id.* at 6.

## DISCUSSION

The Eighth Amendment of the U.S. Constitution protects inmates against "cruel and unusual punishment," including prison conditions that deprive them of "the minimal civilized measure of life's necessities." *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990) (double celling, in combination with unconstitutionally unsanitary and unsafe conditions, violated the Eighth Amendment). Section 1983 provides a remedy for individuals whose federal constitutional rights have been violated by anyone acting under color of state law. *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 423 (3d Cir. 2006).

Under section 1983, "[a]n individual government defendant . . . must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (original alterations omitted). There are "two general ways in which a supervisor-defendant may be

3

liable" under section 1983: (1) they personally participated in, directed others to commit, or had actual knowledge of and acquiesced to, the constitutional violation, or (2) they "established and maintained a policy, practice or custom which directly caused the constitutional harm" and did so "with deliberate indifference to the consequences." *Barkes v. First. Corr. Med., Inc.,* 766 F.3d 307, 316 (3d Cir. 2014) (internal citation and quotation marks omitted), *rev'd on other grounds by Taylor v. Barkes,* 135 S. Ct. 2042 (2015).

Defendants do not challenge the substance of plaintiff's claims; rather, they argue that the Complaint should be dismissed because it fails to allege their "personal involvement in any alleged wrongdoing." Defs.' Br. at 1-2, ECF No. 7. Viewing the Complaint in the light most favorable to the plaintiff, this Court agrees that the Complaint does not contain sufficient facts to plausibly establish Defendants' liability. The plaintiff sues senior municipal officials but does not allege that any of them personally participated in, or specifically directed anyone else to carry out, the alleged wrongdoing. The plaintiff does not even allege any involvement whatsoever on the part of Deputy Commissioner Resnick, other than to name him as a defendant in the Complaint's caption. *See Wood v. Williams*, 568 F. App'x 100, 107 (3d Cir. 2014) (affirming district court's decision to dismiss claim against a named defendant where the complaint failed "to allege any facts whatsoever with respect" to that defendant).

The plaintiff does claim, in a conclusory manner, that Warden May "allows these things to happen" and that Mayor Kenney "knows what's going on and does not to help the problem." Compl. 3. However, the Complaint lacks factual content that would allow this Court to infer Mayor Kenney's or Warden May's knowledge of the plaintiff's particular situation, much less their acquiescence to it. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131-32 (3d

Cir. 2010) (allegations that supervisors "permitted the use of excessive force" or "specifically sought" the allegedly wrongful conduct, without more, were insufficient).

Although Defendants only address the first theory of supervisory liability, this Court finds that the Complaint also fails to satisfy the second theory. Nowhere in his form Complaint does the plaintiff allege the existence of a policy authorizing triple celling or the mistreatment he allegedly experienced. Indeed, he does not even allege that other inmates are housed in cells with three or more inmates, or are persistently mistreated, so as to show a practice or custom. *Cf. Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (plaintiff did not allege a constitutionally deficient policy or that "other inmates suffered similar deprivations ... that might establish a custom"); *Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990) (custom may be proven by showing that a specific course of conduct is "well-settled and permanent," even if that conduct is not endorsed by a written rule).

The generalized allegations contained in the document attached to the form Complaint do not cure the pleading deficiencies. To begin, the authenticity and significance of that document is unclear. It is signed by a third party but is neither an affidavit nor an unsworn declaration made under penalties of perjury. But even assuming one could surmise a policy or custom of triple celling and general abuse from those allegations, Defendants are mentioned nowhere in that document. *See Wood*, 568 F. App'x at 107 (dismissal affirmed because pleadings failed to allege any conduct "whatsoever" by defendant); *cf. Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2001) (plaintiff failed to identify defendant's "specific acts or omissions that evidence[d] deliberate indifference" or persuade the court that a relationship between the allegedly deficient policy and the injury suffered existed). Thus, the Complaint fails to state a claim against Defendants.

## CONCLUSION

Because the Complaint does not adequately allege Defendants' liability, the motion to dismiss is granted.  Nevertheless, it is conceivable the plaintiff could (1) specify further facts to support a claim that his constitutional rights were violated due to inadequate prison conditions involving triple celling or other abuses, and (2) state a viable claim of supervisor liability against Defendants for injuries suffered as a result of any of the alleged constitutional violations, including through the implementation of deficient policies, practices or customs with deliberate indifference to their harmful consequences.  Thus, the plaintiff is granted leave to amend his Complaint.  *See Grayson,* 293 F.3d at 108 (plaintiff is entitled to amend his complaint "unless doing so would be inequitable or futile").  A corresponding order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II   J.